IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| AN'DESHIA SATCHELL, | § | |
| | § | |
| Defendant Below, | § | No. 396, 2018 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1711001757 |
| | § | 1711001790 |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: November 21, 2018
Decided: December 20, 2018

Before **VALIHURA, SEITZ**, and **TRAYNOR**, Justices.

**O R D E R**

After consideration of the brief and motion to withdraw filed by the appellant's counsel under Supreme Court Rule 26(c), the State's response, and the Superior Court record, it appears to the Court that:

(1) In January 2018, the appellant, An'Deshia Satchell, was indicted on charges of Robbery Second Degree, Robbery First Degree, Assault Second Degree, Aggravated Menacing, and two counts of Possession of a Deadly Weapon During Commission of a Felony. The charges arose from two separate incidents that occurred on November 1, 2017. On May 23, 2018, Satchell pleaded guilty to Robbery First Degree and Robbery Second Degree. In exchange for Satchell's guilty plea, the State entered a *nolle prossequi* on the other charges.

(2) On July 13, 2018, following a presentence investigation, the Superior Court sentenced Satchell as a habitual offender for Robbery Second Degree, imposing a sentence of fifteen years at Level 5 incarceration, with credit for 257 days previously served. For the charge of Robbery First Degree, the Superior Court sentenced Satchell to fifteen years at Level 5 incarceration, with decreasing levels of supervision beginning after serving five years at Level 5. This is Satchell's direct appeal.

(3) Satchell's counsel has filed a brief and a motion to withdraw under Supreme Court Rule 26(c). Satchell's counsel asserts that, based upon a complete and careful review of the record, there are no arguably appealable issues. Counsel states that he informed Satchell of the provisions of Rule 26(c) and provided her with a copy of the motion to withdraw and the accompanying brief. Counsel also informed Satchell of her right to supplement counsel's presentation. Satchell responded with a written submission raising an issue concerning her sentencing as a habitual offender. The State has responded to the Rule 26(c) brief and argues that the Superior Court's judgment should be affirmed.

(4) When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must be satisfied that the appellant's counsel has made

2

a conscientious examination of the record and the law for arguable claims.[1] This Court must also conduct its own review of the record and determine "whether the appeal is indeed so frivolous that it may be decided without an adversary presentation."[2]

(5) In her written submission, Satchell challenges her sentencing as a habitual offender. She claims that her plea agreement does not reflect that she would be sentenced as a habitual offender.

(6) The record makes clear that Satchell was aware that she faced a potential maximum sentence of life imprisonment as a habitual offender. The plea agreement that Satchell signed indicates that Satchell's potential sentence for Robbery Second Degree was "5 yrs to life," as "HO § 4214(a)." Even if Satchell may not have known from reading the plea agreement form alone that "HO § 4214(a)" referred to habitual offender status under 11 *Del. C.* § 4214(a), the plea agreement made clear that she faced a potential maximum sentence of life imprisonment. And Satchell acknowledges on appeal that she was aware of the issue "through conversations." The truth-in-sentencing form that Satchell signed similarly indicates that Satchell's maximum potential penalty was life imprisonment.

---

[1] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S.738, 744 (1967).

[2] *Penson*, 488 U.S. at 81.

(7) The transcript of the plea proceeding confirms that Satchell's counsel stated that he had explained to Satchell that the State would be seeking sentencing as a habitual offender; recited her prior convictions and that he had reviewed those convictions with Satchell; stated that she was eligible for habitual offender sentencing; and stated that she would be subject to a sentence of "five to life." The Superior Court asked Satchell if she understood that, "because of what is your likely status," she "face[d] a sentence up to life in jail," to which Satchell responded, "Yes."

(8) During Satchell's sentencing hearing, Satchell's counsel conceded that Satchell was a habitual offender and remarked that she could receive a life sentence. The Superior Court asked Satchell's counsel whether he had any objections to the State's habitual offender motion. Her counsel stated that he did not, noting that the prior convictions appeared to satisfy the statutory requirements for habitual offender status.

(9) Finally, even if Satchell had disputed her habitual offender status when she entered into the plea agreement—which she did not—the Superior Court would not have erred by sentencing her as a habitual offender. Satchell's prior convictions

4

clearly satisfy the statutory requirements for habitual offender status under §

4214(a).[3]

(10)   The Court has reviewed the record carefully and concludes that

Satchell's appeal is wholly without merit and devoid of any arguably appealable

issue. We also are satisfied that counsel made a conscientious effort to examine the

record and the law and properly determined that Satchell could not raise a

meritorious claim on appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior

Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[3] *See, e.g.*, *Lewis v. State*, 2015 WL 4606521 (Del. July 30, 2015) (affirming sentencing as habitual offender where the defendant disputed habitual offender status on plea agreement form but did not oppose the later-filed habitual offender motion and did not show on appeal that his prior convictions did not support his designation as a habitual offender); *Alley v. State*, 2015 WL 4511348 (Del. July 24, 2015) (affirming sentencing as habitual offender where defense counsel stated at the guilty plea hearing that the defendant intended to challenge the State's motion to seek habitual offender sentencing, defense counsel stated at the sentencing hearing that there was no good faith basis to oppose the habitual offender motion, and the defendant had the required number of prior felony convictions to be declared a habitual offender).